# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.    CV 13-00670 R (SS) | Date: May 23, 2013 |
| | Page 1 of 2 |

Title:    Fernando Morales Aguilar v. Warden

| | |
|---|---|
| DOCKET ENTRY: | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 24, 2013, Fernando Morales Aguilar ("Petitioner"), a federal prisoner proceeding pro se, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241 (the "Petition"). However, the Petition appears to be subject to dismissal without prejudice.

As an initial matter, much of the Petition is illegible and nonsensical. The allegations in the Petition are vague and confusing, making it difficult to understand what form of relief is sought. However, the Court can discern Petitioner's contentions that although he does not "know or . . . remember" the offense for which he was convicted or the sentence that he received, he was sentenced in "the one court of San Diego" at "some time in 2011 in the month of don't remember the month [sic]." (Pet. at 2). Petitioner also states that he appealed his conviction to "the court of San Diego California court of immigrations matters." (Id.). The rest of the Petition consists of repeated statements that Petitioner has a social security number. For example, Petitioner states, "It is illigal [sic] that Im [sic] here having new mine social security number." (Id.). Petitioner also states, "Check this out. This is mine [sic] social security number is new . . . so call the offices of the social security number [sic] today. There you will find out that mine social security number is new. So also I will send you mine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-00670 R (SS)                                  Date: May 23, 2013
                                                                 Page 2 of 2

Title:       Fernando Morales Aguilar v. Warden

social security card today for todays [sic] court hearing. So make mine court hearing for today in only one minute." (Id. at 3). In addition, Petitioner states, "Also I will send you too [sic] mine new resident card for todays [sic] court hearing so make mine court hearing for today." (Id.). Based upon Petitioner's contentions regarding a "social security" and "resident" card, it is possible that Petitioner is challenging a finding that he is subject to removal based upon his immigration status. Petitioner does not allege other grounds for relief.

     If Petitioner is challenging an order of removal, this Court may lack jurisdiction. (See Pet. at 2) ("It is illigal [sic] that I'm here having new mine social security number."). The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-311 (May 11, 2005), generally eliminated habeas corpus jurisdiction over final orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals. See, e.g., Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). Accordingly, this Court does not appear to have jurisdiction over Petitioner's claims, to the extent they challenge an order of removal.

     In sum, the Court appears to lack jurisdiction over Petitioner's action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b). Petitioner is further advised that instead of filing a response to the instant Order, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1). A voluntary dismissal is without prejudice and Petitioner could refile his claims in the appropriate court. A Notice of Dismissal form is attached for Petitioner's convenience.** The Clerk of the Court is directed to serve a copy of this Order upon Petitioner and counsel for Respondent.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk ____